**UIKI OFA TEAUPA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–73253.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 14, 2006.

Filed Feb. 22, 2007.

Emmanuel G. Guerrero, Esq., Law Offices of Emmanuel G. Guerrero, Honolulu, HI, for Petitioner.

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Honolulu, HI, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jeffrey J. Bernstein, Esq., Cindy S. Ferrier, Esq., Jonathan F. Potter, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: TROTT, WARDLAW, and W. FLETCHER, Circuit Judges.

MEMORANDUM *

Uiki Ofa Teaupa seeks judicial review of a Board of Immigration Appeals (BIA) decision affirming the Immigration Judge's determination that Teaupa was removable under 8 U.S.C. § 1227(a)(2)(E)(ii) for vio-

lating a protective order provision involving credible threats of violence, repeated harassment, or bodily injury to Teaupa's wife. We remand.

While pleading to the Notice to Appear, Teaupa admitted "that on June 1, 2001[a] court determined that [he] had engaged in conduct that violated a portion of that order that involved protection against credible threats of violence, repeated harassment or bodily injury to the person or persons for whom the protection order was issued." During oral argument, an issue was raised regarding whether Teaupa's admission could be used against him to determine that he violated the relevant provision of the protective order, or whether the modified categorical approach precluded consideration of Teaupa's admission. *See Tokatly v. Ashcroft*, 371 F.3d 613, 620–21 (9th Cir.2004) (discussing the modified categorical approach). We requested additional briefing on the issue, and we now remand to the BIA to consider, in the first instance, whether Teaupa's admission can be used to determine removability pursuant to 8 U.S.C. § 1227(a)(2)(E)(ii). *See INS v. Orlando Ventura*, 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (applying ordinary remand rule).

**REMANDED.**

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.